UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JOE ROBINSON, JR.,

    Plaintiff,

  v.

PIERCE COUNTY SUPERIOR COURT, et al.,

    Defendant.

Case No. C24-5649-JCC-SKV

REPORT AND RECOMMENDATION

    Plaintiff James Joe Robinson is a pretrial detainee at Pierce County Jail in relation to criminal case number 23-1-01399-1. Dkt. 1-1 at 2 & 5. He is proceeding pro se in this 42 U.S.C. § 1983 civil rights action and seeks leave to proceed *in forma pauperis* ("IFP"). Dkt. 1. Plaintiff filed a proposed complaint in which he names Pierce County Superior Court and Superior Court Commissioner Barbara McInvaille as Defendants. Dkt. 1-1. Because Defendants here are immune from civil liability, however, Plaintiff fails to state a claim upon which relief may be granted. The Court therefore recommends this action be dismissed and Plaintiff's motion for IFP be denied as moot.

//

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff alleges his Fourteenth Amendment right to due process was violated by Superior Court Commissioner Barbara McInvaille while she "presided over [his criminal case]." Dkt. 1-1 at 4-5. Specifically, Plaintiff alleges Court Commissioner McInvaille "stated that [he] should allow the public defender to represent [him], after [he] stated [he] wanted to go pro se so [he] can challenge the probable cause amongst other things." *Id.* Court Commissioner McInvaille then had Plaintiff "removed from the courtroom" and continued the hearing in his absence after he "continued to request [his] rights to go pro se." *Id.* According to Plaintiff, these actions deprived him of, among other things, the ability "to challenge the probable cause that set off a chain of events in favor for the state." *Id.* at 5-7. As relief, Plaintiff requests "the courts dismiss all counts [in his criminal case]" and for payment of $750,000.00. *Id.* at 8.

## II. DISCUSSION

First, under the doctrine of judicial immunity, judges are immune from civil liability for damages caused by their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286 (1991). This includes liability for civil rights actions brought under § 1983. *See Pangelinan v. Wiseman*, 370 Fed. Appx. 818 (9th Cir. 2010) (upholding dismissal of § 1983 claims based on judicial and prosecutorial immunity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), *appeal dismissed, cert. denied*, 486 U.S. 1040 (1988). Relevant here, judicial immunity "extends to certain others who perform functions closely associated with the judicial process, such as court commissioners." *Eslick v. Wash.*, NO. 2:21-CV-0282-TOR, 2021 WL 6063221, at *2 (citing *Duvall v. Cnty, of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). This strong immunity protects judicial independence by insulating judges from

vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). Presiding over a hearing in a criminal case is a judicial act which clearly falls within the scope of a judicial officer's duties, and Court Commissioner McInvaille is immune from this lawsuit.

Second, Pierce County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. C.t 1347 (1974). The State of Washington has *not* waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982). Because the Pierce County Superior Court is a state agency, it is not subject to suit in this civil rights action.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint that fails to state a claim on which relief may be granted. That is the case here, where both Defendants are immune from suit. The Court generally grants a pro se plaintiff an opportunity to amend a deficient complaint, but may deny such leave if "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Plaintiff's allegations make it clear that his complaint cannot be cured by amendment because the institution and individual he claims violated his due process rights will continue to be immune.

1  Plaintiff's civil rights action should therefore be DISMISSED and his motion to proceed IFP,
2  Dkt. 1, should be DENIED as moot.  A proposed order accompanies this Report and
3  Recommendation.

## III.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 24, 2024**.

Dated this 3rd day of September, 2024.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge